ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

2003 SEP 24 AM 9:07

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. C02-4086MWB |
| v. | ) ) | |
| RAMAN G. NARSI, d/b/a SUPER 8 MOTEL, | ) ) | **CONSENT DECREE** |
| Defendant. | ) ) ) | |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on September 25, 2002 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the EEOC alleges that Defendant, Raman G. Narsi d/b/a Super 8 Motel, discriminated against Craig Cooley on the basis of his gender. Specifically, the EEOC alleges that Defendant terminated Cooley's employment as a housekeeper because he is a male.

Defendant denies that it has committed any of the violations alleged by the EEOC. The EEOC and Defendant (hereinafter referred to as "the parties") have agreed to settle these claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

I. <u>Monetary Relief</u>

　　A. <u>Settlement Amount</u>

Defendant agrees to settle this case for $5,000 and to mail a check in that amount to Craig Calvin Cooley with a copy to the EEOC, at the time specified below after the date the Consent Decree is entered by the Court. The check shall be sent by certified mail, return receipt requested, to Cooley and a copy of the check shall be mailed simultaneously to the undersigned

counsel for the EEOC. The payment is payable within 10 calendar days after this action is dismissed pursuant to this Consent Decree.

Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Cooley may or may not incur on such payment under local, state and/or federal law.

II. Non-Monetary Terms

    A. Compliance with Title VII

Defendant agrees that it will not condone or tolerate acts of sex discrimination as prohibited by 42 U.S.C. §2000e, et. seq. Defendant also agrees that it will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any employment practice made unlawful by Title VII, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e et. seq.

    B. Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

    C. Training

Defendant shall provide training, specifically on sex discrimination to all of its personnel, including supervisors, managers and administrators, and agrees to continue to provide orientation to new employees, at its expense, relating to Defendant's obligation to maintain a work environment free from discrimination on the basis of sex, and regarding Defendant's obligation not to retaliate against individuals who complain about discrimination in the workplace. This training will also instruct all employees on the policies and procedures of reporting, responding

to and investigating claims of sex discrimination.

D. Creation and Dissemination of Anti-Discrimination Policy

Defendant shall create an anti-discrimination policy. Such policy will specifically outline procedures for reporting and investigating complaints of sex discrimination including sexual harassment and retaliation, and will include the names of persons to whom discrimination complaints should be made. This policy will be created within 30 days, and shall be disseminated to all employees. Defendant shall submit a copy of its policy and certify to the EEOC that it has an anti-discrimination policy.

E. Posting of Notice

Defendant agrees to post the notice (Exhibit A hereto) in its facility in a clear and conspicuous location customarily used for the posting of employee notices. Defendant agrees to post this notice within five calendar days of approval of this Consent Decree by the Court. This posting will remain for a period of one (1) year. Defendant shall also posts all Equal Employment notices required by Iowa and Federal law in such a manner as to be in compliance with said statutory requirements.

F. Removal of References to EEOC Charge/Lawsuit from Personnel File

Defendant shall remove from Cooley's personnel file any record or indication that relates to his charge filed with the EEOC, the investigation, litigation, or resolution of the charge.

G. Neutral Reference

When and if Defendant is contacted by a prospective employer of Cooley's for an employment reference, Defendant shall provide neutral reference information, consisting only of dates of employment and positions held.

3

### H. Record-keeping and Reporting

For five years from the date of this Consent Decree, Defendant shall document and maintain records related to every complaint that it or any manager or supervisor receives from any employee alleging sex discrimination. During this period, Defendant shall also provide the EEOC with semi-annual reports, with the first report being due five months after the Final Order. Defendant shall provide the Commission with a report every six months thereafter throughout the term of this Decree. The reports shall include the following information for each complaint known to Defendant: the name, address, telephone number, and social security number of all employees at Defendant's facility, if any, who, during the reporting period, complained either verbally or in writing about race discrimination and/or racial harassment; the date and nature of each complaint; the identity of each person to whom each complaint was made; and the action taken by Defendant in response to each complaint. If no complaints have been received by Defendant, a report is not required during the reporting period. Finally, the EEOC may inspect Defendant's premises, interview employees and examine and copy documents. The EEOC shall give written notice one week prior to coming on the premises for inspection.

### I. Enforcement of Consent Decree

If at any time during the effective date of this Consent Decree, the EEOC believes that a violation of this Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which

to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

J. Certification to the EEOC

Within 10 calendar days following compliance with the posting, training and creation/dissemination of anti-discrimination policy provisions of this Consent Decree, Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

K. No Other Agreements

This Consent Decree constitutes the sole agreement between and among the parties concerning the settlement of the above-captioned lawsuit. The parties agree that no promises or inducements have been made except as set forth in this Consent Decree, and that there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit.

L. Enforcement of Terms of Consent Decree and Jurisdiction

Upon execution of the Consent Decree by the parties, the parties will execute a Stipulation for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss this case without costs to the parties, with the Court to reserve jurisdiction to enforce the terms of the Consent Decree. The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of five calendar years from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the five year period, commenced

proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved. At the end of the five year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Court will dissolve the Consent Decree and will dismiss this action with prejudice without further motion by any party.

I have read the foregoing Consent Decree, and accept and agree to the provisions contained therein.

_____  9/17/03
Rosemary J. Fox                  Date
Supervisory Trial Attorney

_____  9/17/03
Tina Burnside                    Date
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 S. Second Ave., Suite 430
Minneapolis, MN 55401
Telephone: (612) 335-4047
Facsimile: (612) 335-4044

_____  9/8/03
Raman G. Narsi                   Date

_____  9/8/03
Donald J. Hemphill (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) Date
HEMPHILL LAW OFFICE
215 Grand Avenue
P.O. Box 1475
Spencer, IA 51301
Telephone: (712) 262-6801
Facsimile: (712) 262-2018

6

## ORDER

SO ORDERED this 24th day of Sept., 2003.

*Mark W. Bennett*
Hon. Mark W. Bennett
United States District Court Judge

Copies mailed on 9/24/03 to counsel of record or pro se parties as shown on the docket sheet.

*mm*
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | Civil Action No. CO2-4085MWB |
| v. ) ) | |
| RAMAN G. NARSI, d/b/a SUPER 8 MOTEL, ) ) | |
| Defendant. ) ) | |

## STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and based upon the attached Consent Decree, the Equal Employment Opportunity Commission and Raman G. Narsi d/b/a Super 8 Motel hereby stipulate to the dismissal of this action and any pending motions with prejudice, and to retention of jurisdiction by the Court to enforce the provisions of the Consent Decree.

_____          9/17/03
Tina Burnside                      Date
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 S. Second Ave., Suite 430
Minneapolis, MN 55401
(612) 335-4047

_(signature)_
Raman G. Narsi

_(signature)_
Donald J. Hemphill (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)
HEMPHILL LAW OFFICE
215 Grand Avenue
P.O. Box 1475
Spencer, IA 51301
Telephone: (712) 262-6801
Facsimile: (712) 262-2018

9/8/03
Date

9/8/03
Date

**ORDER**

SO ORDERED this 24th day of Sept., 2003.

_(signature)_
Hon. Mark W. Bennett
United States District Court Judge

Copies mailed on 9/24/03
to counsel of record or pro se
parties as shown on the docket
sheet.

_pm_
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. CO2-4085MWB |
| v. | ) ) | |
| RAMAN G. NARSI, d/b/a SUPER 8 MOTEL, | ) ) | |
| Defendant. | ) ) ) | |

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission (EEOC), and Raman G. Narsi d/b/a Super 8 Motel. A charge was filed with the EEOC alleging that Super 8 Motel violated Title VII of the Civil Rights Act of 1964 by discriminating against an employee, Craig Cooley. Although Super 8 Motel contends that it did not intend to discriminate against any employee, as part of the agreement, Super 8 Motel has agreed to take the following steps:

1. Without admitting any violation of the law in the past, Super 8 Motel agrees not to engage in any type of discrimination, intimidation, or retaliation prohibited by Title VII. In other words, employees will not be harassed or retaliated against because they have opposed practices they believe to be discriminatory, or have participated in any manner in an investigation or court case under Title VII.

2. Super 8 Motel will provide training to its staff including supervisors, managers, and administrators in regard to its policy forbidding any such discrimination, intimidation, or retaliation and providing for disciplinary action against violators.

3. Super 8 Motel will disseminate its anti-discrimination policy to its staff outlining that sex discrimination is prohibited.

The EEOC enforces Title VII, which prohibits job discrimination based on race, color, religion, sex or national origin, the Age Discrimination in Employment Act, the Equal Pay Act, prohibitions against discrimination against individuals with disabilities in the federal sector, sections of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. The Minneapolis office of the EEOC is located at 330 S. Second St., Suite 430, Minneapolis, MN 55401. Persons may contact the EEOC either by visiting, writing or calling (612) 335-4040.

**PLAINTIFF'S EXHIBIT A**